IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| AGRIPROCESSORS, INC. | ) | CASE NO. 08-02751 |
| | ) | |
|    Debtor | ) | ADVERSARY NO. 10-09070 |
| | ) | |
| SHF HOLDINGS, LLC, f/k/a | ) | |
| SHF INDUSTRIES, INC. | ) | |
| | ) | MOTION TO DISMISS COMPLAINT |
|    Plaintiff | ) | FOR DECLARATORY RELIEF |
| | ) | |
| v. | ) | |
| | ) | |
| ALLAMAKEE COUNTY, | ) | |
| | ) | |
|    Defendant | ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and (6), made applicable by Bankruptcy Rule 7012, Defendant Allamakee County ("the County"), moves to dismiss Plaintiff's Complaint for Declaratory Relief in the Adversary Proceeding and states:

    1.    Plaintiff seeks a declaratory judgment that the County's tax liens on the Debtor's real property are void and unenforceable pursuant to this Court's July 20, 2009 Order that the property was sold free and clear of liens. *See also* Complaint at 5 for additional related relief sought.

    2.    The County, however, was not listed as a creditor and did not receive the required notices in the underlying Bankruptcy proceeding, including notices pertaining to the sale of Debtor's property free and clear of liens. As more fully explained in the County's accompanying brief, the July 20, 2009 Order has no effect upon and is void as to the County. Thus, Plaintiff's requested relief cannot be granted as a matter of law and Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. Proc. 12(b)(6).

3.      In addition, the lack of notice and due process is a jurisdictional defect in the July 20, 2009 Order and the Court did not have personal jurisdiction over the County to adjudicate the County's rights in the underlying bankruptcy. Plaintiff's Complaint must be dismissed for lack of personal jurisdiction as well. See Fed. R. Civ. Proc. 12(b)(2).

4.      Other than public records filed in the underlying Bankruptcy (which the Court may properly consider),[1] the Court need not look beyond the pleadings to determine as a matter of law that Plaintiff is not entitled to the relief it seeks. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of public records, including docketed filings in Bankruptcy Case No. 08-02751.[2] The County requests that the Court do so.

5.      The County is also filing a Rule 60 Motion for Relief from this Court's July 20, 2009 Order.

6.      The County is filing a Brief in Support of this Motion and incorporates that Brief as if set forth fully herein.

7.      The Court has jurisdiction to hear and determine this Motion pursuant to 28 USC §§157 and 1334. Determination of the Motion is a core proceeding under 28 USC §157(b). Statutory predicates for relief requested include 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9014.

---

[1] The Court may consider public records in the context of a motion to dismiss without converting the motion into a motion for summary judgment. "The [] court may take judicial notice of public records and may thus consider them in a motion to dismiss [without treating the motion as a motion for summary judgment]." *Stahl v.* USDA, 327 F.3d 697, 700-01 (8th Cir. 2003) (granting motion to dismiss declaratory judgment action for failure to state a claim upon which relief could be granted).

[2] See *Reeves v. Bradley*, 2010 WL 2231843 *1-2 (E.D. Ark. 2010) (considering public records in granting motion to dismiss, including publicly filed documents in legal proceedings); *Rose v. Beverly Health and Rehabilitation Serv.*, 356 B.R. 18, 23 (E.D. Calif. 2006) (under Federal Rule of Evidence 201, court may "take judicial notice of public records [in considering a motion to dismiss] related to legal proceedings in both state courts and in the district court.").

WHEREFORE for the reasons set forth above and in its accompanying Brief, Defendant Allamakee County requests that Plaintiff's Complaint be dismissed in its entirety.

/s/ Wesley B. Huisinga
Wesley B. Huisinga  ID No. 480682788
SHUTTLEWORTH & INGERSOLL, PC
115 Third Street SE
P O B ox 2107
Cedar Rapids, IA  52406-2107
(319) 365-9461 Phone/(319) 365-8564 Fax
wbh@shuttleworthlaw.com
ATTORNEYS FOR ALLAMAKEE COUNTY

CERTIFICATION OF SERVICE

The undersigned hereby certifies under penalty of perjury, that a copy of this document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing on the 16th day of July, 2010.

/s/ Cameo Kruse
Cameo Kruse

3