## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| AGRIPROCESSORS, INC. | CASE NO. 08-02751 |
| Debtor | ADVERSARY NO. 10-09070 |
| SHF HOLDINGS, LLC, f/k/a SHF INDUSTRIES, INC. | |
| Plaintiff | |
| v. | |
| ALLAMAKEE COUNTY, | |
| Defendant | |

## ORDER RE: MOTION TO DISMISS COMPLAINT

This matter came before the undersigned at a hearing on August 31, 2010 on Defendant

Allamakee County's Motion to Dismiss. Allamakee County (the "County") moved to dismiss the

Complaint of Plaintiff SHF Holdings, LLC f/k/a SHF Industries, Inc. ("SHF"). SHF's Complaint

asks the Court to declare that the County's tax liens on the real property SHF purchased from

Debtor Agriprocessors, Inc. ("Debtor") are void and unenforceable against SHF. The County

argues the Complaint fails to state a claim upon which relief can be granted. The County was

represented by Wesley Huisinga. SHF was represented by Richard Updegraff and Miranda L.

Hughes. After hearing arguments of counsel, the Court took the matter under advisement. This is

a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

## STATEMENT OF THE CASE

In an Order dated July 20, 2009, the Court approved the sale of Debtor's property free and clear of all liens. After the County attempted to assert a continuing tax lien, SHF filed a Complaint in this Adversary Proceeding. SHF asks the Court to declare that the real property SHF acquired from Debtor is free and clear of all liens and claims by the County.

The County moves to dismiss SHF's Complaint. The County asserts it did not receive proper notice of the sale of Debtor's property (including the real property) free and clear of liens. The County argues it had no opportunity to contest the sale and its lien could not have been extinguished. Thus, the County argues for dismissal of the Complaint because it believes SHF has no claim as a matter of law.

After reviewing the record and hearing the parties' arguments, the Court denies the Motion to Dismiss. The record is undisputed that the County did not receive formal written notice of the sale free and clear of liens. However, SHF's Complaint contains sufficient factual allegations to make a plausible claim that the County had actual notice of the sale.

## PLEADINGS AND FACTUAL ALLEGATIONS

SHF purchased substantially all of Debtor's assets in July 2009. The Court approved this sale free and clear of all liens. Since the Order approving the sale, the County has taken steps to enforce its tax lien on the real property SHF purchased. The County has issued a Tax Sale Notice for the property.

SHF's Complaint asks the Court to declare that the real property SHF purchased is free and clear of all tax liens and claims by the County. SHF further requests that any attempted tax sale by the County be prohibited or declared null and void. SHF also asks that the County be

2

forever barred and permanently enjoined from attempting to enforce its tax liens against the real property.

The County filed this Motion to Dismiss SHF's Complaint. The County argues it did not receive proper notice of the sale or have an opportunity to be heard before the sale was approved. The County claims the sale violated Bankruptcy Rule 6004 and Bankruptcy Rule 9014. The County also asserts it was not listed by Debtor as a "known creditor" in the main bankruptcy case as required by Bankruptcy Rule 2002. As a result, the County did not even receive any notices in the underlying bankruptcy proceeding and has not been included on the Court's Mailing Matrix.

The County argues the deficient notice was a jurisdictional defect in the Court's July 20, 2009 Order. The County argues this defect denied the County its constitutional due process rights. As a result, the County asserts that the Order approving the sale in July 2009 cannot be given preclusive effect because it is void as to the County. The County reasons that because the Order is void, it cannot provide the basis for declaratory relief that SHF requests in its Complaint. The County requests that the Complaint be dismissed for failure to state a claim upon which relief can be granted.

SHF resists the County's Motion to Dismiss. SHF admits the County did not receive formal written notice of the § 363 sale generally required by the Bankruptcy Rules. SHF, however, argues these procedural deficiencies are not dispositive because the County had actual knowledge of the sale sufficient to satisfy constitutional due process standards. SHF argues that it is, at a minimum, entitled to do discovery regarding the specific nature of the County's knowledge of the sale.

## CONCLUSIONS OF LAW

**A. Motion to Dismiss Standard.**

The Bankruptcy Rules follow the standards of the Federal Rules of Civil Procedure on grounds for dismissal and requirements for pleading. Bankruptcy Rule 7012 specifically notes: "Rule 12(b)–(i) F.R.Civ.P. applies in adversary proceedings." The County moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."

In order to determine whether a complaint states a "claim upon which relief can be granted," courts look to what a party is required to plead. Again, Bankruptcy Rule 7008(a) provides: "Rule 8 F.R.Civ.P. applies in adversary proceedings." Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." For many years, the settled standard for evaluating motions to dismiss was that provided in Conley v. Gibson, 355 U.S. 41 (1957). In Conley, the Supreme Court stated that a case should be dismissed for failure to state a claim only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45–46 (citations omitted).

The standard for ruling on a motion to dismiss under the Federal Rules, however, has received new attention from the Supreme Court in recent terms. "To survive a motion to dismiss, a complaint must contain **sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face**.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (emphasis added). The Supreme Court now applies a two-pronged approach in evaluating a motion to dismiss. First, the Court identifies "pleadings that, because they are no more than conclusions, are not entitled to

the assumption of truth." Id. at 1950. Second, to the extent that the complaint contains factual

allegations, the Court assumes the truth of those facts and determines whether they plausibly

give rise to an entitlement to relief. Id.

Twombly and Iqbal represent a departure from Conley. Regarding Conley's so-called "no

set of facts" standard, the Supreme Court in Twombly stated:

> [T]he 'no set of facts' language has been questioned, criticized,
> and explained away long enough by courts and commentators, and
> is best forgotten as an incomplete, negative gloss on an accepted
> pleading standard: once a claim has been stated adequately, it may
> be supported by showing any set of facts consistent with the
> allegations in the complaint.

550 U.S. at 546. The Supreme Court went on to state that "Conley described the breadth of

opportunity to prove what an adequate complaint claims, not the minimum standard of adequate

pleading to govern a complaint's survival." Id. The decisions in Twombly and Iqbal provide that

minimum standard of pleading required to survive a motion to dismiss.

In order to evaluate whether the Complaint satisfies the Twombly and Iqbal

requirements, this Court must evaluate whether the factual assertions by SHF "plausibly"

establish an entitlement to relief. To do so, the Court must first identify the legal standards SHF

must meet in alleging facts to support a plausible claim.

### B. Sale Free and Clear of Liens and Due Process Concerns

SHF essentially alleges the County is bound by the previous Order of this Court

approving the sale free and clear of liens. The County argues it had no notice of the sale or

opportunity to be heard. The County asserts that the lack of notice of the sale free and clear of

liens violated the Bankruptcy Rules and constitutional due process standards.

The Bankruptcy Code specifically provides for the sale free and clear of liens. "The

trustee, after **notice** and a hearing, may use, sell, or lease, other than in the ordinary course of

5

business, property of the estate . . . ." 11 U.S.C. 363(b)(1) (emphasis added). Section 363(f)

specifically addresses sales free and clear of liens and allows for such a sale if one of the five

conditions set forth in Section 363(f) is met.

Bankruptcy Rule 6004(a) provides that notice of a proposed sale of property not in the

ordinary course of business shall be given pursuant to Rule 2002(a)(2). Rule 2002(a)(2) states:

> (a) Twenty-day Notices to Parties in Interest. Except as provided in
> subdivisions (h), (i), (l), (p), and (q) of this rule, the clerk, or some
> other person as the court may direct, shall give the debtor, the
> trustee, all creditors and indenture classes at least 20 days' notice
> by mail of:
> . . .
> (2) a proposed use, sale, or lease of property of the estate other
> than in the ordinary course of business, unless the court for cause
> shown shortens the time or directs another method of giving
> notice;

FED. R. BK. P. 2002(a)(2). Bankruptcy Rule 6004(c) also requires that "parties who have liens or

other interests in the property to be sold" must be served with a motion for authority to sell in the

manner provided under Rule 7004 for service of a summons and complaint, as required by Rule

9014.

Here, there was no objection to the July 2009 sale free and clear of liens. The Court thus

approved the sale to SHF. The County argues that the sale free and clear of liens approved by the

Court has no effect on the County because it never received notice as required by the Rules.

The County also asserts that the sale violated its constitutional due process rights. In a

bankruptcy case decided last term, the Supreme Court noted the important distinction between

depriving a party of a right granted by a procedural rule and depriving that party of the

constitutional right to due process. United Student Aid Funds, Inc. v. Espinosa, ___ U.S. ___,

130 S. Ct. 1367, 1378 (2010) (holding that the receipt of actual notice of the contents of a

Chapter 13 plan satisfied a creditor's due process rights despite debtor's failure to file an

adversary proceeding for a determination that undue hardship existed for the purpose of

discharging debtor's student loans under the plan). In Espinosa, the Supreme Court held that

"failure to serve [a creditor with a] summons and complaint the Bankruptcy Rules require for

commencement of an adversary proceeding" did not violate due process requirements where the

creditor had "**actual notice** of the filing and contents of [debtor's] plan" to deal with creditor's

debt. Espinosa, 130 S. Ct. at 1379 (emphasis added). The Eighth Circuit has often applied a

similar rule. "[A] person cannot complain about the constitutionality of the method used to

provide notice when he or she has received actual notice (assuming it is timely), for he or she has

suffered no harm." Nunley v. Dep't of Justice, 425 F.3d 1132, 1139 (8th Cir. 2005). See also

Samuels v. Merriweather, 94 F.3d 1163, 1167 (8th Cir. 1996) ("Because the Samuels had actual

notice that the city intended to condemn the building there was no procedural due process

violation."); Hroch v. City of Omaha, 4 F.3d 693, 696 (8th Cir. 1992) (same).

Espinosa makes clear the longstanding rule that a violation of a procedural rule does not

always establish a due process violation. Whether a party receives constitutional due process is

instead determined by an analysis of all the applicable circumstances:

> An elementary and fundamental requirement of due process in any
> proceeding which is to be accorded finality is notice reasonably
> calculated, under all the circumstances, to apprise interested parties
> of the pendency of the action and afford them an opportunity to
> present their objections. The notice must be of such nature as
> reasonably to convey the required information, and it must afford a
> reasonable time for those interested to make their appearance.
> However, if with due regard for the practicalities and peculiarities
> of the case these conditions are reasonably met the constitutional
> requirements are satisfied.

Mullane v. Central Hanover Bank & Trust, 339 U.S. 306, 314–15 (1950) (citations omitted).

"[D]ue process is a highly flexible concept [and] the processes required by the Clause

with respect to the termination of a protected interest will vary depending upon the importance

attached to the interest and the particular circumstances under which the deprivation may occur."
Walters v. National Ass'n of Radiation Survivors, 473 U.S. 305, 322 (1985). In keeping with this
flexible, circumstance-based approach, courts (as noted above) have found that actual notice or
actual knowledge of proceedings can satisfy due process requirements. Espinosa, 130 S. Ct. at
1379; Samuels, 94 F.3d at 1167.

Procedural rules violations, while not dispositive on their face of due process issues, are
still very important to the analysis. As the Eighth Circuit has specifically stated: "[w]here the
Bankruptcy Code and Bankruptcy Rules specify the notice required prior to entry of an order,
due process generally entitles a party to receive the notice specified before an order binding the
party will be afforded preclusive effect." Baldwin v. Credit Based Asset Servicing and
Securitization, 516 F.3d 734, 737 (8th Cir. 2008) (discussing whether notice was proper before
dismissing a Chapter 13 case, or if not, whether the error was harmless, and concluding that
more fact-finding was necessary to determine whether the notice complied with due process).

In bankruptcy cases with situations similar to the one before this Court, where the party
claiming lack of notice had an important property interest, other courts have balanced the level of
actual knowledge involved against the procedural notice requirements that were not followed.
For example, in Christopher v. Kendavis Holding Co., 249 F.3d 383 (5th Cir. 2001), the Fifth
Circuit addressed whether a retiree's actual knowledge of a bankruptcy proceeding was sufficient
to satisfy due process where the retiree had no formal notice of the discharge of his claim. The
court noted:

> A potential litigant who knows about a legal proceeding usually
> has adequate notice that his rights could be jeopardized and should
> take steps to protect his rights. Nevertheless, an ordinarily valid
> form of notice may fail to satisfy due process concerns because of
> the circumstances of the defendant . . . . We therefore assess the

> sufficiency of notice against the backdrop of the factual
> circumstances of each case.

Kendavis, 249 F.3d at 387 (Supreme Court case citations omitted).

The First Circuit found a more limited role for evidence of actual notice or actual knowledge in the analysis. Arch Wireless, Inc. v. Nationwide Paging (In re Arch Wireless), 534 F.3d 76 (1st Cir. 2008). The court addressed a Chapter 11 debtor's contempt motion against a creditor that had no formal notice of the case or the debtor's discharge and continued to attempt to collect its debt after the discharge injunction. Id. at 79. In rejecting the debtor's arguments that there was no due process violation because the creditor had actual knowledge of the bankruptcy, the court stated:

> The fact that the creditor may be generally aware of the pending reorganization, does not itself impose upon him an affirmative burden to intervene in that matter and present his claim. The creditor has a right to assume that proper and adequate notice will be provided before his claims are forever barred.

534 F.3d at 83 (quoting In re Intaco Puerto Rico, 494 F.2d 94, 99 (1st Cir. 1974)). The court also noted that "the statutory framework shapes the contours of due process." Id. at 86. The court further noted that "a constructive notice provision is ordinarily a creature of statute; courts usually will not impose the onerous burden of constructive notice on a litigant when it has not been imposed by the legislature." Id. (internal citation omitted).

The First Circuit did state, however, that "a case could arise in which, although the required notices were not sent, the creditor in fact had actual knowledge 'not merely of the general pendency of the reorganization, but of each particular development therein to which formal notice would be required.'" Id. at 86 n.1 (quoting Intaco, 494 F.2d at 99 n.11). The First Circuit noted: "In such a case, we might conclude that the creditor's due process rights were not

violated, despite the debtor's failure to comply with notice rules, because the creditor had actual

knowledge of the critical dates about which he could expect to be notified." Id.

Another bankruptcy case, considering the "totality of the circumstances" regarding notice

to a creditor of a sale free and clear of liens, held:

> Although due process is a highly flexible concept, it is not so
> malleable as to be satisfied merely when an interested party is
> notified only that action is contemplated against the property in
> which it has an interest. At the very least, the interested party must
> be reasonably apprised that the contemplated action is directed
> against *its* interest.

In re Marcus Hook Dev. Park, Inc., 143 B.R. 648, 660 (Bankr. W.D. Pa. 1992) (emphasis in

original).

Both parties here rely on In re Metzger, 346 B.R. 806 (Bankr. N.D. Cal. 2006). In that

case, the Bankruptcy Court had approved a sale free and clear of liens for land that was subject

to an affordable housing development restriction imposed by the affected county. The county

was not given any formal notice of the hearing at which the sale was approved. The county

challenged the sale free and clear of liens, arguing that the court's approval of the sale had no

effect on the county's development restriction. The purchaser contended that despite of the lack

of formal notice, the county had actual knowledge of the bankruptcy case and had been told that

the land was going to be sold free and clear of liens. Id. at 809–10. The purchaser argued the

county's actual knowledge of the sale satisfied due process and the county was bound by the

order approving it. Id.

After completing discovery and conducting oral argument, the parties presented the due

process issue to the court. Id. at  810. The court made factual determinations regarding the

county's interest and the nature of the county's knowledge regarding the specifics of the sale.

The court acknowledged that "[i]n theory, actual knowledge of a hearing may, in some

circumstances, be sufficient to satisfy due process concerns." <u>Id.</u> at 817. The court held,

however, that it was "aware of no case supporting [the] inquiry notice theory in a chapter 11 case

involving a sale free and clear of liens." <u>Id.</u> at 819. The court concluded that inquiry notice did

not exist "in the context of the facts before this Court" and found that the county was not bound

by the previous order approving the sale.

## ANALYSIS

There are two critical issues to resolve in deciding the County's Motion to Dismiss. The

first is whether the County is entitled to judgment as a matter of law on the small number of

undisputed facts in this case. If not, the second issue is whether SHF pleaded and argued a

"plausible" set of facts that could entitle it to relief under the law.

### A. The County's Argument For Dismissal on the Agreed Fact That The County Did Not Receive Formal Notice

SHF admits the County did not receive formal, mailed notice under the identified

procedures. The County claims that this admission alone entitles it to judgment as a matter of

law. The County's argument is that formal notice under the rules is required as a matter of law—

and the question of actual notice through other means (media, word of mouth, informal channels

of communication) is irrelevant in a case involving a sale free and clear of a tax lien. This

presents a question of law for the Court.

The Court concludes that actual notice is relevant to the due process issues before this

Court. This Court believes the Supreme Court's decision in <u>Espinosa</u> and the cases in the Eighth

Circuit discussed above establish that a party's actual notice or knowledge is part of the totality-

of-the-circumstances due process inquiry. <u>Espinosa</u>, 130 S. Ct. at 1379; <u>Nunley</u>, 425 F.3d at

1139; <u>Samuels</u>, 94 F.3d at 1167; <u>Hroch</u>, 4 F.3d at 696. Even the strongest cases for the County

acknowledge that the amount and quality of actual notice of the party raising the due process

issue is relevant. <u>Arch Wireless</u>, 534 F.3d at 86 n.1 (quoting <u>Intaco</u>, 494 F.2d at 99 n.11);

<u>Metzger</u>, 346 B.R. at 817.

### B. Factual Issues on the County's Actual Notice or Knowledge

Having concluded that actual notice or knowledge is part of the legal analysis here, the

Court must determine if SHF pleaded a plausible case of actual knowledge. Based on the

pleadings and the agreed facts, the Court finds that SHF has pleaded a plausible claim. SHF's

Complaint specifically alleges that "Plaintiff believes that [the County] had actual knowledge of

the proceedings at each stage of the [sale] process. In addition to [the County's] knowledge of

the proceedings, each stage of the proceedings was widely reported in the media. [The County]

took no action at any time to protect its interests." Plaintiff's Complaint, ¶16. SHF has properly

raised the issue of actual notice or actual knowledge of the County. SHF has suggested not only

that the County knew of the bankruptcy proceeding and the sale Debtor's assets, but may well

have known much more. SHF believes further discovery is appropriate to develop the record.

The Court agrees. After analyzing the pleadings and hearing the arguments of the parties, the

Court concludes that SHF pleaded a plausible set of facts to support its claim. By alleging that

the County knew of the sale of the real property, the factual allegations in SHF's Complaint

nudge SHF's claim for declaratory relief "across the line from conceivable to plausible." <u>Iqbal</u>,

129 S. Ct. at 1951.

The majority of case law cited above demonstrates that due process questions are

determined on a case-by-case basis weighing all the relevant facts. Again, even in the strongest

cases for the County, courts have recognized that there are various scenarios where actual notice

or knowledge may be sufficient to satisfy due process. <u>Arch Wireless</u>, 534 F.3d at 86 n.1; <u>Intaco</u>,

494 F.2d at 99 n.11; <u>Metzger</u>, 364 B.R. at 817. The Eighth Circuit has addressed an analogous

issue and noted that the amount of knowledge a party has must be determined on a sufficient record—and remanded to develop that record. <u>Reirson v. Resolution Trust Corp.</u>, 16 F.3d 889, 892 (8th Cir. 1994) (creditors' knowledge of appointment of receiver was a critical question and further factual development and resolution of factual issue on remand was required); <u>See also</u> <u>Baldwin</u>, 516 F.3d at 737 (insufficient record to determine whether failure to give proper notice was harmless error).

The Court also finds the reasoning of <u>Metzger</u>—cited by both parties—to be helpful here. <u>Metzger</u> holds that if an interested party does not receive formal notice of a sale free and clear of liens, the court order approving the sale can be defective as to that party, even if that party had some actual notice of proceedings. <u>Metzger</u> also recognizes that an interested party who has actual notice of a sale free and clear of liens might, in some cases, have had its due process rights sufficiently protected despite defective notice under the Bankruptcy Rules. This reflects the important factors at work in this case. In a sale free and clear of liens, a creditor has an important property interest and is entitled to clear notice before its interest can be eliminated. Actual notice or knowledge can suffice, but it must be very good and specific actual notice.

Thus, the type and quality of the County's knowledge of the proceedings is critical to the resolution of this case. What the County knew of the sale free and clear of liens from other channels, and when and how it obtained that specific knowledge are issues the Court is incapable of deciding on this record at this stage of the proceedings. This is ultimately a critical factual determination that must be made on a more complete record. SHF pleaded a plausible set of facts to state a claim. It is entitled to do discovery on this issue, as it requests, to try to more fully support its actual knowledge or notice argument.[1]

---

[1] At the hearing, the County and SHF argued about whether SHF was a bona fide purchaser at the bankruptcy sale, and whether the policy of finality underlying the bona fide purchaser doctrine can trump due

**WHEREFORE,** the Motion to Dismiss Complaint for Declaratory Relief is DENIED.

Dated and Entered: October 27, 2010

_____

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

---

process concerns. <u>See In re Edwards</u>, 962 F.2d 641, 645 (7th Cir. 1992) (Posner, J.). SHF has alleged it was a bona fide purchaser. The County asserts SHF had actual and constructive knowledge of the County's lien. Neither party raised this as a basis for dismissal, but to the extent the issue was raised, or is relevant to this ruling on dismissal, the Court concludes it also must be addressed on a more complete factual record.