# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Chapter 7** |
| **AGRIPROCESSORS, INC.,** | ) | |
| | ) | |
| Debtor. | ) | **Bankruptcy No. 08-2751** |
| ------------------------------------------- | | |
| **SHF HOLDINGS, LLC, f/k/a** | ) | |
| **SHF INDUSTRIES, INC.,** | ) | **Adversary No. 10-9070** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ALLAMAKEE COUNTY,** | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER RE MOTION FOR AMENDMENT OF ORDER RE: MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RELIEF UNDER RULE 60(b) (ECF DOC. NO. 62) AND MOTION TO AMEND OR ALTER THE JANUARY 17, 2012 ORDER (ECF DOC. NO. 63)

These two related matters are again before the Court — this time on cross

Motions to Reconsider and/or Alter or Amend Findings and Conclusions in the

Court's Ruling Denying Summary Judgment and Rule 60(b) Relief.   The matters

originally came before the Court for hearing on the Summary Judgment and Rule

60(b) Motions.   Defendant Allamakee County (the "County") moved for Summary

Judgment on the Complaint of Plaintiff SHF Holdings, LLC f/k/a SHF Industries,

Inc. ("SHF").    The SHF Complaint sought a declaration that the County's tax liens

on real property SHF purchased from Debtor Agriprocessors, Inc. ("Debtor") are

void and unenforceable against SHF.    The County made the Motion under Federal

Rule of Civil Procedure 60(b) in the bankruptcy case seeking to set aside an Order

allowing sale of substantially all of Debtor's property free and clear of liens.    The

60(b) motion raised issues similar to those in SHF's adversary and specifically asked

the Court to void its July 20, 2009 Order approving sale free and clear of liens to the

extent it effected the County's tax lien.    The Rule 60(b) proceeding is a "contest

case" under Bankruptcy Rule 9014.    Because the identical arguments have been

made in both the adversary and Rule 60(b) proceedings, and the parties argued the

cases together, the Court has treated, and will continue to treat, the claims together.

The Court entered a detailed Summary Judgment ruling on these issues on

January 17, 2012.    The Court granted in part and denied in part the County's

Motion for Summary Judgment.    With regard to the Rule 60(b) Motion, the Court

made no final ruling, indicating the matter would be heard and decided with the final

disposition of the adversary.    Both parties have requested that the Court

Reconsider/Alter or Amend its ruling.    These matters are core proceedings under 28

U.S.C. § 157(b)(2)(K).

## STATEMENT OF THE CASE

A July 20, 2009 Order of this Court approved the sale of Debtor's property to SHF free and clear of all liens.   After the approved sale, the County asserted a tax lien on the purchased property and claimed it had not received any notice of the sale free and clear.   SHF filed an adversary complaint asking the Court to declare the purchased property to be free and clear of all liens and claims by the County.   The County has denied these claims and filed a motion under Rule 60(b) asking the Court to set aside its order on the sale free and clear of liens.

The County filed a Motion for Summary Judgment in this adversary and sought similar summary adjudication of the Rule 60(b) motion in the main case. The County argued it did not receive notice of the proposed sale free and clear of all liens and, therefore, the Order approving the sale did not extinguish the County's tax lien as a matter of law.   SHF argued that it was a good-faith purchaser at the bankruptcy sale, and the policy of finality protecting good-faith purchasers trumps any possible due process concerns.

On January 17, 2012, the Court granted in part and denied in part the Motion for Summary Judgment and denied summary adjudication of the Rule 60(b) Motion. The Court ruled the County had established under the undisputed factual record that it did not have actual notice, sufficient to satisfy due process, of the sale free and

clear of liens.   The Court also ruled SHF was not a good-faith purchaser on the

undisputed record.   The Court found, however, that critical factual issues remained

on the question of the remedy the Court should apply in these proceedings.

The County asks the Court to reconsider its conclusions on the "remedy"

issue.   The County specifically asks the Court to reconsider its conclusion that

factual issues remain on the question of remedy.   SHF asks the Court to reconsider

its ruling that SHF is not a good-faith purchaser as a matter of law under the

undisputed factual record.   For the reasons that follow, the Court denies both

parties' Motions to Reconsider/Alter or Amend Findings.

## THE PARTIES' ARGUMENTS

On January 26, 2012, the County filed a Motion Pursuant to Rule 52(b) for

Amendment of the Order.   On January 27, 2012, SHF filed a Motion to Amend or

Alter the January 17, 2012 Order.   Both motions have been fully briefed and

argued.

The County's Motion to Amend requests the Court to reconsider the remedy

portion of the ruling.   The County argues that the Court's other conclusions — that

the County did not have constitutionally sufficient notice of the sale free and clear of

liens, the County's lien was not extinguished, and SHF is not a good-faith purchaser

— compel final resolution of these cases.   The County argues that based on the

relief requested, a finding that the lien was not extinguished means that there is nothing left to decide in either the adversary or Rule 60(b) proceeding. The County argues the July 20, 2009 Order simply has no effect on the County's tax lien and the County should be free to collect from SHF without restriction.

SHF's Motion to Amend or Alter argues that SHF was a good-faith purchaser or, at a minimum, that a genuine issue of fact exists as to its status. SHF argues that the cases the Court relied upon to reach its conclusion do not apply because they involve a sale of property free and clear of all liens, claims, and encumbrances and do not address issues of actual or constructive notice involved here. SHF argues that the proper question for determining a good-faith purchaser in this case is whether the purchaser "reasonably relied on representations made by the Trustee," not whether the purchaser had knowledge of the adverse claims. In support of this position, SHF cites to Compak Companies, LLC v. Johnson, 415 B.R. 334 (N.D. Ill. 2009), and Stearns v. Woolard (In re Laughinghouse), 51 B.R. 869 (Bankr. E.D.N.C. 1985). SHF argues it reasonably relied on the Trustee's statements and that under those cases it would not be responsible for the County's lien. At a minimum, SHF argues there are factual disputes regarding whether it was a good-faith purchaser under this standard.

## CONCLUSIONS OF LAW

### A. Rule 52(b) and Rule 59(e) Standards

Federal Rule of Civil Procedure 52(b), Amended or Additional Findings,

provides:   "On a party's motion filed no later than 28 days after the entry of

judgment, the court may amend its findings – or make additional findings – and may

amend the judgment accordingly."   Fed. R. Civ. P. 52(b).   "Rule 52 Fed. R. Civ. P.

applies in adversary proceedings."   Fed. R. Bankr. P. 7052.   "A Rule 52 motion is

intended to 'correct findings of fact which are central to the ultimate decision.'"

Dale & Shelby Superette & Deli v. U.S. Dep't of Agriculture, 838 F. Supp. 1346,

1347 (D. Minn. 1993) (quoting Adams v. James, 526 F. Supp. 80, 86 (D.C. Ala.

1981)).

> Rule 52(b) is not to be used to obtain a rehearing on the merits nor to
> relitigate old questions, see, e.g., Guitierrez v. Ashcroft, 289 F. Supp.
> 2d 555, 561 (D.N.J. 2003), and such a motion may not be used to raise
> arguments which could have been made in advance of the prior court's
> ruling.

Midwest Bank & Trust v. Commercial Fed. Bank, 331 B.R. 802, 813 (S.D. Iowa

2005) (citing Diocese of Winona v. Interstate Fire & Cas. Co., 89 F.3d 1386, 1397

(8th Cir. 1996)).   "Motions made under [Rule 52(b)] . . . are not intended merely to

relitigate old matters nor are such motions intended to allow the parties to present the

case under new theories of law."   PRO EDGE, L.P. v. Gue, 377 F. Supp. 2d 694,

6

698 (N.D. Iowa 2005) (quoting <u>Evans, Inc. v. Tiffany & Co.</u>, 416 F. Supp. 224, 244

(N.D. Ill. 1976)).   Rule 52(b)'s purpose is to allow courts the "opportunity to

correct manifest errors of law or fact."   <u>Id.</u>

Rule 59(e), Motion to Alter or Amend a Judgment, provides: "A motion to

alter or amend a judgment must be filed no later than 28 days after the entry of the

judgment."   Fed. R. Civ. P. 59(e).   "Like Rule 52(b) motions, Rule 59(e) motions

'serve the limited function of correcting manifest errors of law or fact or to present

newly discovered evidence.'" <u>PRO EDGE, L.P.</u>, 377 F. Supp. 2d at 698 (quoting

<u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills</u>, 141 F.3d

1284, 1286 (8th Cir. 1998)).   "A motion to amend a judgment under Rule 59(e) can

be granted to: (1) incorporate an intervening change of law; (2) present new

evidence previously unavailable; or (3) correct clear error or prevent manifest

injustice."   <u>Id.</u> at 699.   "Under Rule 59(e), a judgment may be amended to correct

'clearly' or 'manifestly' erroneous findings of fact or conclusions of law."   <u>Doctor

John's Inc. v. City of Sioux City</u>, 438 F. Supp. 2d 1005, 1027 (N.D. Iowa 2006)

(citing <u>Hagerman v. Yukon Energy Corp.</u>, 839 F.2d 407, 414 (8th Cir. 1988); <u>see

Baker v. John Morrell & Co.</u>, 266 F. Supp. 2d 909, 919 (N.D. Iowa 2003)).   "'A

[trial] court has broad discretion in determining whether to grant a [Rule 59(e)]

motion to alter or amend judgment . . . . .'" <u>PRO EDGE, L.P.</u>, 377 F. Supp. 2d at 699

(quoting <u>Innovative Home Health Care, Inc.</u>, 141 F.3d at 1286).   Both parties have

suggested the Court made a clear error of law.

## B. Good-Faith Purchaser

Despite a finding by the Court that the County did not have actual knowledge

of the sale, SHF has argued it still prevails because it was a good-faith purchaser.

The Court's summary judgment ruling rejected that argument.   SHF's Motion to

Amend requests that the Court review and amend its finding that SHF was not a

good-faith purchaser under the undisputed factual record.

The Court has concluded that the fact SHF admitted to actual knowledge of

the County's tax lien before closing on the sale, defeats SHF's claim that it is or was

a good-faith purchaser under Section 363(m), state law, or bankruptcy law.   <u>SHF</u>

<u>Holdings, LLC v. Allamakee County (In re Agriprocessors, Inc.)</u>, 465 B.R. 822, 833

– 36 (Bankr. N.D. Iowa 2012).   SHF contends this conclusion is entirely improper

because a different "good-faith purchaser" test applies in thi circumstance.   SHF

argues that two cases, <u>Compak Companies</u>, and <u>In re Laughinghouse</u>, establish a

different rule — that purchasers may rely on a trustee's representations that property

will be sold free and clear of liens, claims, and encumbrances regardless of whether

the purchaser had notice of outstanding liens.   This Court disagrees with SHF and

8

concludes these cases do not create a new, specially-applicable rule for this situation.

In Compak Companies, the court first noted the general rule of law — which this Court applied — that a good-faith purchaser is one who has purchased "without notice of prior adverse claims."   415 B.R. at 341 (citation omitted).   The court then noted it was unclear what the phrase "without notice of prior adverse claims" meant. Id.   It noted this phrase did not distinguish between "constructive"/"implied" notice and *actual* notice.   Id.   The court then stated:   "There is authority for the proposition that *actual* notice of a third-party's interest would prevent the purchaser from acquiring bona-fide purchase status."   Id. at 342 (citing In re Metzger, 346 B.R. 806, 817 (Bankr. N.D. Cal. 2006)) (emphasis in original).   In re Metzger held that "inquiry notice" was not the applicable standard when determining whether due process rights were violated by a sale free and clear.   346 B.R. at 817.   Compak Companies noted parenthetically that Metzger distinguished In re Edwards, 962 F.2d 641, 645 (7th Cir. 1992), on the grounds that in Edwards the purchaser had actual notice of the plaintiff's interest.   Compak Cos., 415 B.R. at 341.   In re Edwards held that a good-faith purchaser at a bankruptcy sale "free and clear" of interests acquires good title, even when the lienholder's whose rights were extinguished had insufficient notice of the sale.   The court in Compak Companies

9

then noted that in its case, there could be "constructive notice" because the purchaser had participated in the case, and compared it to <u>Edwards</u> where the purchaser was "a stranger to the proceedings."   <u>Id.</u>   The court then stated, for purposes of its case: "But the question, we [sic] think, is whether [the purchaser] reasonably believed it was acquiring Compak's property free and clear of interests, not whether it knew what interests the bankruptcy court was purporting to extinguish."   <u>Id.</u>

This Court disagrees with SHF that <u>Compak Companies</u> stated a new, specialized test for good-faith purchaser status in this setting.   The court in <u>Compak Companies</u> made no such statement.   <u>Compak Companies</u> is more appropriately read as addressing only the case where the argument is the purchaser may have had constructive knowledge – not actual knowledge of the adverse interest (like here) or no knowledge at all (like <u>Edwards</u>).   The question for those "constructive knowledge" cases is simply whether the purchaser "reasonably believed it was acquiring . . . property free and clear of interests."   <u>Id.</u>   The case nowhere stated that when the purchaser has actual notice of the sale that this actual notice should be disregarded.   Instead, <u>Compak Companies</u> specifically pointed out that such <u>actual</u> notice of the third parties' interest "would prevent the purchaser from acquiring bona fide purchaser status."   <u>Id.</u>   In other words, <u>Compak Companies</u> entirely

supports this Court's conclusion that SHF's actual notice of the County's interest "would prevent [SHF] from acquiring bona fide purchaser status." See id.

The Court believes SHF similarly misreads the Laughinghouse case. That case simply does not address the situation presented here. Instead, Laughinghouse addresses a trustee's request to compel performance by bankruptcy sale bidders to honor their bids. 51 B.R. at 869. The bidders argued the statute of frauds and misrepresentations by the Trustee excused their performance. Id. On the misrepresentation defense, the bidders argued — among other things — that liens and encumbrances existed that were not disclosed by the Trustee. Id. The bidders claimed they were entitled to rely on the announcement of trustee before the sale that he was selling the items "free and clear of all liens and encumbrances." Id. The court concluded, "in the **absence of knowledge to the contrary**, bidders could reasonably rely on the auctioneer's announcement." Id. at 876 (emphasis added). The court's conclusion later reiterated that qualification:

> A good faith bidder **without notice or knowledge** who reasonably relies on a trustee's or auctioneer's representation that property is being sold "free of all liens and encumbrances" should not be compelled to complete the sale if it is determined that the property being sold is subject to material liens or encumbrances.

Id. (emphasis added).

11

The decision in <u>Laughinghouse</u>, even more than <u>Compak Companies</u>, supports — not undermines — the traditional good-faith purchaser test applied by this Court and disqualifies parties with actual "notice or knowledge" of the adverse interest.   To make this clear, the court in <u>Laughinghouse</u> cited old Supreme Court case law further describing the rule:

> A court of equity will not undertake, any more than a court of law, to relieve a party from the consequences of his own inattention and carelessness. Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he has been deceived by the vendor's misrepresentations. If, having eyes, he will not see matters directly before them, **where no concealment is made or attempted, he will not be entitled to favorable consideration when he complains that he has suffered from his own voluntary blindness, and been misled by overconfidence in the statements of another**.

51 B.R. at 876 (quoting <u>Slaughter's Adm'r v. Gerson</u>, 80 U.S. 379, 383 (1871)) (emphasis added).

The Court thus rejects SHF's assertion that these cases provide a special exception to the general rule that prevents a party with knowledge of the adverse claim to be treated as a good-faith purchaser.   The Court finds that these cases support, not undermine the general test.   Under that general test, SHF cannot qualify as a good-faith purchaser because the undisputed facts show SHF knew of the County's tax claim before closing.

12

## C.   Factual Issues Remaining on Available Remedy

The Court's Ruling Denying Summary Judgment and Summary Adjudication of the Rule 60(b) Motion concluded that there were factual issues related to the available remedy that prevented a full summary adjudication for the County.   The Court noted, for example, that the factual record was disputed and/or insufficiently developed on issues about the key terms of the underlying sale and how the taxes were to be created.   The Court pointed out that in cases addressing these issues, "the question of available remedies here is difficult, and requires a flexible and practical standard tied to the particular facts."   SHF Holdings, 465 B.R. at 836 (citing Compak Cos., 415 B.R. at 344; South Motor Co. v. Carter-Pritchett-Hodges, Inc. (In re MMH Auto. Group), 385 B.R. 347, 359 (Bankr. S.D. Fla. 2008)).

The County's Motion to Amend argues that a finding that its due process rights were violated and that SHF is not a good-faith purchaser, ends this Court's inquiry in both the adversary and in the Rule 60(b) Motion.   The County asserts that a finding that the tax lien was not extinguished by the purchase results, as a matter of law, in judgment in its favor.   It notes the adversary asked only for a determination as to whether the tax lien was extinguished.   The County further notes that its Rule 60(b) motion asked the Court only to set aside the sale free and clear as it related to

the County — not the whole sale.   The County argues the Court has introduced

remedy issues not raised.   The Court disagrees.

### 1.    Remedy Options Under the Applicable Law

In <u>MMH Automotive</u>, the court addressed the available remedy options when

a lienholder did not have sufficient notice of the sale.

> The consequences of the failure to give notice of a sale free and clear of
> an interest or property right to a party who is entitled to such notice has
> been dealt with in three general approaches by the courts that have
> addressed this issue.

385 B.R. at 359.   The court then discussed the three approaches and their rationales.

"Under the first approach, any sale that purports to transfer estate property

free and clear of a right, claim or interest without notice to the holder of the property

of that interest is void and the sale must be rescinded."   <u>Id.</u> (citing <u>Citicorp</u>

<u>Mortgage, Inc. v. Brooks (In re Ex-Cel Concrete Co.)</u>, 178 B.R. 198, 205 (B.A.P. 9th

Cir. 1995) ("We conclude that the lack of any notice to Citicorp constituted

constitutional lack of due process which could not confer in personam jurisdiction

on the bankruptcy court to adjudicate Citicorp's property rights.   This was per se a

jurisdictional defect sufficient to result in a void order.")).

"Other courts follow a second approach and have held that a sale order with a

notice defect is only invalid against the party who did not receive notice."   <u>Id.</u>

(citing <u>In re Rest. Assocs.</u>, 2007 WL 951849, at *10 (the court could enter an order

14

that does not affect the actual sale of the property, but nonetheless hold that the sale

was not free and clear of use covenants where the beneficiary of the covenants did

not get notice of the sale)).

> The third line of cases seeks to fashion an equitable remedy by
> balancing the rights of the party whose interests have been
> compromised without notice, with the rights of a purchaser who relied
> on the selling party, the trustee or debtor-in-possession, to properly
> notify all parties in interest and who relied on a final order confirming
> the sale free and clear of all liens, claims and interests.

Id.   The court then lumps Edwards (finding for the good-faith purchaser) and

Metzger (finding for the interest-holder who did not receive notice) in this third

category, even though they reached different results.   Edwards arguably fits in yet

another category — one providing that the interests in finality of bankruptcy sales

trumps the constitutionally defective notice and favors a remedy for the party

purchasing at the bankruptcy sale.   However, because Edwards's classification

does not directly affect the conclusion here, this Court accepts these three categories

from MMH Automotive for the remainder of this analysis.[1]

This Court, like the Court in MMH Automotive, "believes this third approach

is the appropriate manner in which to resolve this problem."   Id. at 360.   This Court

agrees that "the law directs the bankruptcy court, indisputably a court of equity, **to**

---

[1]The Court does note, however, that it also need not consider another category based
on Edwards because the Court has already rejected a full application of Edwards in
favor of the purchasing party.

**weigh the facts in fashioning a remedy** rather than dictating a hard and fast rule

based on a final, but flawed, sale order." Id. (emphasis added). The Court "must

determine what remedy, if any, equity dictates . . . under the facts and circumstances

of this case." Id. at 361 (citing 11 U.S.C. § 105; Fed. R. Civ. P. 60 (authorizing

relief on "motion and just terms")). "**Any resolution must weigh and balance the

rights of two relatively innocent parties** in the face of the dilemma created by the

trustee's failure to provide proper notice of the sale to [a secured creditor]." Id.

(emphasis added.)

In further discussing the third approach, MMH Automotive cited two cases

that applied some flexibility and careful tailoring of the remedy to fit the facts. Id.

(citing In re Metzger, 346 B.R. at 819; In re Polycel Liquidation, Inc., No. 00-62780,

2006 WL 4452982 (Bankr. D.N.J. Apr. 18, 2006)). In particular, the court in MMH

Automotive cited Polycel Liquidiation, Inc. noting:

> Rather than simply setting aside the transaction, this court chooses to
> adhere to the approaches of those courts in considering due process
> violations of § 363(b) that have "**fashioned remedies based upon the
> unique factual matrices underlying the respective controversies**."

In re MMH Auto. Group, 385 B.R. at 360 (citing In re Polycel Liquidation, 2006 WL

4452982, at *11) (emphasis added).

**2.   The Record Needed for a Remedy is Not Fully Developed**

16

This Court does not believe the proper remedy can be decided at summary judgment.   The "unique factual matrix" that is essential to determine the proper equitable remedy has not been fully developed.   The focus of virtually all the briefing to date — and facts identified in support of the parties' positions — has been on the constitutional notice and good-faith purchaser issues discussed and resolved above.   The full record relating to the proper equitable remedy has simply not been made.   The Court finds the better course here is to hold a full factual hearing to determine the proper remedy.   See Commercial Union Ins. v. Schmidt, 967 F.2d 270, 272 (8th Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("[T]he Supreme Court also notes that trial courts should act with great caution and may deny summary judgment when it believes 'the better course is to proceed to a full trial.'")); see also Lovell v. Iowa Student Loan Liquidity Corp. (In re Lovell), Ch. 7 Bank. No. 10-2702, Adv. No. 11-09022, 2012 WL 1252594, at *6 (Bankr. N.D. Iowa Apr. 13, 2012) (denying summary judgment when factual determination at issue and "the factual record needs further development").

The reason that the factual record has not been sufficiently developed or presented stems from the parties' arguments.   The County has argued that if the Court finds (as it has) that the undisputed record showed the County did not get

17

sufficient notice, the only remedy is to set the sale aside only as to the County.    The

County essentially asks the Court to apply remedy alternative number one, as

described in MMH Automotive.    385 B.R. at 359.    The County has not addressed

at all the full equitable record and consequences to other parties of modifying the

sale in whole or in part.    The Court, however, has rejected remedy alternative

number one.    The Court has instead decided to use the remedy described as the third

alternative by MMH Automotive — to consider a remedy best suited to account for

all the equities and factual circumstances.    The County has not presented a factual

record to address this third remedy alternative.

The same can be said for SHF's arguments.    SHF has argued that the only

remedy the Court should consider is the one applied in Edwards — leaving the order

approving the sale intact and providing full protection for SHF.    In making this

argument, SHF has presented a factual record that might arguably address a few of

the equities — as described below — but it has not presented anything close to a full

record necessary to make a determination on this issue at summary judgment.

### 3.    Even the Limited Record Available Shows Factual Disputes

Even looking at the limited factual record before the Court, there are still

factual disputes.    These disputes revolve around the terms of the sale agreement,

whether the treatment of the taxes formed a critical part of the consideration, and the

reliance SHF placed on the tax issue.    Additionally, there are marked disputes in the

factual record on whether the Trustee agreed to take the responsibility for the taxes

on behalf of the bankruptcy estate, and if so, whether SHF relied on that agreement.

The Court identified the particular facts in dispute in the summary judgment ruling.

It will not reiterate those facts here.

    **4.     The County's Argument that the Factual Issues Identified by the
Court are Irrelevant Fails to Account for the Remedy Standard
the Court Has Adopted**

       The County argues these alleged factual disputes — and the need for further

development of the record — are irrelevant to the remedy decision.    The County

argues that neither party has requested the remedy formula the Court has chosen to

apply.    The County specifically notes that in its Rule 60(b) Motion, it requested

**<u>only</u>** a remedy that modified the sale order so that it did not apply to the County's tax

lien.    It asserts that the Court's resolution of the notice and good-faith purchaser

issues resolves all issues and dictates that the Court enter the remedy the County

requested.    The County believes the Court has introduced additional remedy issues

that the Court need not — and should not — resolve.

       The County similarly has argued that SHF's adversary did not request the type

of remedy the Court is applying.    The County notes SHF requested only a

declaration that the County's tax lien could not be asserted against the property SHF

purchased "free and clear."   The County asserts that the adversary did not request the equitable remedy and related determinations the Court has identified.   In fact, the County asserts the adversary cannot deal with issues between SHF and the Trustee, because the Trustee is not a party.   In short, the County asserts the Court is introducing issues never raised by either party.

The Court disagrees.   The County's arguments incorrectly assume that the remedy issue is solely an issue of law and that the remedy the County requested is the only proper remedy under the law.   As noted above, the Court has chosen not to follow cases applying a remedy that negates the sale order — as a matter of law — only as it applied to the party deprived of notice.   In re MMH Auto. Group, 385 B.R. at 359.   Instead, the Court has adopted the view that courts can fashion an equitable remedy that is appropriate for the unique facts and circumstances of the individual cases.   This conclusion makes the totality of the factual circumstances relevant — and more factual development needed — on both the adversary claim and the Rule 60(b) Motion.

> **a.** **The Remaining Factual Issues Identified by the Court Are Relevant to the Adversary**

The County has correctly pointed out that the focus of SHF's adversary complaint is to obtain a declaratory judgment that SHF does not owe the taxes because it bought free and clear of the County's lien.   The County claims that the

20

Court's holding that the County did not have constitutionally sufficient notice of the sale free and clear entirely prevents the relief SHF requests.   The County believes it is not possible to have a remedy that provides SHF any of the relief requested if the County did not have notice of the sale and/or have its lien wiped out.

The Court disagrees for two reasons.   First, the finding that the sale order did not allow/provide for sale free and clear of the County's lien, does not prevent the Court from considering — as a purely equitable matter — whether to find that some or all of the order should not be enforceable against SHF under the particular facts of this case.   As the court in MMH Automotive pointed out, where there are two relatively innocent parties involved, the court may "fashion an equitable remedy by balancing the rights" of those two parties.   385 B.R. at 359 (emphasis added).   A court may thus find that the balancing — based on all the facts — requires some adjustment to both parties' rights.   It may require one party or the other, or both, to look to the estate for some of its recovery or compensation.   This determination will entail — among other things — looking at how "innocent" the two parties are, and whether one is in a better position to avoid the problem.   While the limited facts in the record so far show it is unlikely SHF will benefit from such "balancing," this case is at the summary judgment stage and the record is not complete.

Second, the SHF Complaint did specifically request the Court to grant "such relief as [it] deems appropriate."   Other courts have found such pleading to be "a sufficient request for appropriate equitable relief."   Amirmukri v Baltimore Gas & Elec. Co., 60 F.3d 1126, 1132 (4th Cir. 1995) (pleading requested "such other and further relief as the Court may deem appropriate").

The County's concerns about the Trustee not being a party to the adversary similarly do not prevent the Court from fashioning an equitable remedy.   The adversary and 60(b) motion have functionally been consolidated.   The same evidence and arguments control both.   These two proceedings are essentially two ways of litigating the same issue.   Moreover, the Trustee need not be a party for the Court to order that some or all of one party's recovery be from the estate — to the extent there are any funds to pay such a claim.

### b.    The Remaining Factual Issues Identified by the Court Are Relevant to the Rule 60(b) Motion

The County's Rule 60(b) motion even more definitely raises "equitable" remedy issues.   In a Rule 60(b) case:

> Equitable principles apply.   The Court should bear in mind the entrenched, but competing, policies favoring finality, decisions on the merits, and avoiding injustice.   Intervening equities, potential hardship to other persons, and prejudice to a party can vitiate an otherwise strong argument for relief.   11 C. Wright & A. Miller, Federal Practice and Procedure, § 2857 (1992); 7 J. Moore & J. Lucas, Moore's Federal Practice, ¶ 60.19 at 60-164 to 166 (1992).

In re Staff Inv. Co., 146 B.R. 256, 263 (Bankr. E.D. Cal. 1992).   "Intervening

equities are pertinent to a Rule 60 motion for relief from an order . . . that . . . has

bystanders who are affected by the outcome."   Id.

   The fact that the County requested a specific, narrow, form of relief does not

bind the Court.   The Court has concluded that the law requires an equitable remedy

based on the full record — not the specific remedy the County seeks.   The County

has requested a ruling that affects both parties — but a remedy that only takes into

account one party — the County.   Instead, the Court has chosen to look at a remedy

that addresses the consequences for all parties — measured against the full record.

This is not to say the County will not prevail on the full record — or that the existing

partial record does not heavily favor the County.   The Court finds only that further

factual development is essential to properly decide the remedy.

   The Court concludes, by noting again, that these proceedings came before the

Court at summary judgment.   In spite of the numerous hearings, and pages of

briefing and court rulings, the case to date has been entirely presented on arguments

in summary proceedings.   Not a single witness has testified in court.   The record

has focused almost entirely on the parties' right to relief — not the appropriate

remedy.   As referenced above, the fact the equities appear to favor the County, does

not mandate — or even allow — the Court to dispose of the case on paper.

23

Courts do not treat summary judgment as if it were a paper trial.
Therefore, a "district court's role in deciding the motion is not to sift
through the evidence, pondering the nuances and inconsistencies, and
decide whom to believe." Waldridge v. Am. Hoechst Corp., 24 F.3d
918, 920 (7th Cir. 1994). In a motion for summary judgment, the
Court's job is only to decide, based on the evidentiary record that
accompanies the moving and resistance filings of the parties, whether
there really is any material dispute of fact that still requires a trial. See
id. (citing Anderson, 477 U.S. at 249, 106 S. Ct. 2505; 10 Charles A.
Wright & Arthur R. Miller, Federal Practice & Procedure § 2712 (3d
ed. 1998)).

Archer Daniels Midland Co. v. Eco, Inc., 821 F. Supp. 2d 1083, 1093 (S.D. Iowa

2011).

Viewing the facts in the light most favorable to SHF, this Court cannot decide

at this stage of the proceedings the proper equitable remedy to apply on the specific

facts of this case. The Court cannot determine what relief is appropriate until the

full record relevant to the equitable remedy is presented. The arguments presented

in the motions to amend do not change that conclusion.

**WHEREFORE**, SHF's Motion to Amend or Alter the January 17, 2012

Order (ECF Doc. No. 63) is **DENIED**.

**FURTHER**, the County's Motion for Amendment of Order Re: Motion for

Summary Judgment and Motion for Relief Under Rule 60(b) (ECF Doc. No. 62) is

**DENIED**.

Dated and Entered: July 6, 2012

_____

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

25